UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

  v.                                                                             Case No. 05-CR-74

OWEN F. SILVIOUS,

        Defendant.

**ORDER ON RESTITUTION**

      Defendant Owen Silvious was convicted of five counts of mail fraud, in violation of 18 U.S.C. § 1341, arising out of a purported agreement to sell 6,500 metric tons of wheat to Toan Hung Flour Mills (TH Flour) located in Binh Duong Province, Vietnam. Silvious fraudulently represented to TH Flour that, through his contacts in the international commodities business, he had the ability to supply TH Flour with 6500 metric tons of wheat. He provided TH Flour's representatives with various forged documents, including a Wheat Quality Assurance Certificate, a Fumigation Certificate, a Phytosanitary Certificate, a Shipping Agent's Statement, a Bill of Lading, and an Insurance Certificate. Upon receipt of the forged documents, TH Flour's bank wired 1.17 million dollars to TH Flour's representatives under a letter of credit. Upon Silvious falsely representing that the wheat was loaded on to a ship called *The Ariela* in Houston, Texas and was bound for TH Flour in Vietnam, the money was dispersed to Silvious and other parties involved in the transaction. In fact, the entire transaction was a fraud. Silvious had neither the ability nor the intent to deliver

wheat to TH Flour. Although various amounts were seized from Silvious at the time of his arrest, TH Flour has so far recovered none of its losses.

On November 17, 2005, Silvious was sentenced to 105 months in prison and three years of supervised release. Although TH Flour had submitted a request for over $1.8 million of restitution, the parties had not previously had an opportunity to review the specifics of the request and therefore were not in a position to address the amount over and above the $1.17 million represented by the original Letter of Credit. Accordingly, pursuant to 18 U.S.C. § 3664(d), the court took under advisement the restitution request to the extent it exceeded the amount in the original Letter of Credit. The parties were instructed to provide the court with their respective positions regarding those amounts and have now done so. This decision addresses the additional restitution amounts requested by TH Flour.

TH Flour claims total losses of $1,872,150.72 broken down as follows:

1. 1.17 million in the original Letter of Credit (LOC) amount forwarded to Aktar Khwaja, TH Flour's U.S. representative;
2. $29,910.70 as Eastern Asia Commercial Bank's interest on the loan to open the LOC, which includes $16,476 as the normal rate and $13,434.17 as the "overdue rate";
3. $527.00 as the LOC opening expense;
4. $88,684.81 as TH Flour's lost profit;
5. $166,524.00 as the penalty for canceling the contracts with TH Flour's Vietnamese partners;
6. $406,504.28 as compensation for Thai Nguyen for canceling the contracts; and
7. $10,000.00 I attorneys' fees.

(*See* Docket #40.)

The Mandatory Victim's Restitution Act (MVRA), 18 U.S.C. § 3663A requires the sentencing court, "in the case of an offense resulting in damage to or loss or destruction of property

2

of a victim of the offense," to order the defendant to return the property to the owner or, if that in infeasible, to pay the owner (the victim) an amount equal to the loss of the value of the property. *United States v. Scott*, 405 F.3d 615, 618 (7th Cir. 2005). Restitution ordered under the MVRA is less generous than common law damages, since it does not extend to consequences beyond the diminution of the value of the property stolen or damaged. The distinction generally drawn between restitution and general damages is that an award of restitution is only for the direct loss, where as general damages would include consequential losses. As explained in *Scott*,

> If A tortuously damages B's factory, the cost of repairing the factory is direct damages. B's loss of business while the factory is shut down awaiting repairs is consequential damages. . . . The former would be recoverable in a criminal prosecution, the latter not. In our preferred terminology, the first type of damage to the factory impairs the value of B's property; the second injures B.

*Scott*, 405 F.3d at 619-620. As least in this Circuit, it appears to be the general rule that restitution is allowable in cases of fraud, not only for the actual amounts taken, but also interest resulting from the loss of the use of that money. *See United States v. Simpson*, 8 F.3d 546, 552 (7th Cir. 1993); *United States v. Shepard*, 269 F.3d 884-86 (7th Cir. 2001).

Applying these principles to the facts before me, I conclude that in addition to the $1.17 million already ordered as restitution, TH Flour is also entitled to the accrued interest on the Letter of Credit in the amount of $29,920.70 and the $527.00 as the opening expenses for the Letter of Credit. These amounts are direct losses incurred by TH Flour as a result of the fraudulent scheme carried out by Silvious. Although Silvious argues that a portion of the $527.00 opening expense of the Letter of Credit was paid out of the proceeds of the Letter of Credit itself, his argument is to speculative to support a reduction. Silvious relies for this argument on a page from the discovery materials showing an issuing bank charge of $289.20 for the Letter of Credit. Silvious argues that

3

this amount constitutes a portion of the opening expense claimed by TH Flour in its restitution request. There is no reason to assume, however, that an issuing bank charge is identical with Letter of Credit opening expenses. I am satisfied that the charges refer to different amounts and therefore the entire $527.00 charge will be awarded.

With respect to the other items of loss sought by TH Flour, however, I am in agreement with Silvious that they simply are not recoverable as restitution in this action. TH Flour's lost profits and the penalties it incurred as a result of canceling contracts with its partners, amount to "consequential damages and the other effects that may ripple through the economy." *United States v. Shepard*, 269 F.3d at 887. Damages of this type are simply not recoverable as part of a criminal action. Accordingly, Silvious is ordered to pay the interest and opening expenses for the Letter of Credit, in addition to the 1.17 million dollars originally ordered as restitution in this matter. The total amount due and owing TH Flour is $1,200,447.70. Finding that he has no present ability to pay, Silvious shall make payments from his prison earnings in an amount not less than $25.00 per quarter during the period of his incarceration. Thereafter, restitution shall be paid as ordered under the conditions of supervised release. The Judgment shall be amended accordingly.

Finally, I note that Silvious has filed several requests for relief pro se while the restitution issue has been pending. He has requested that the Special Assessment Fee be taken out of money that has been deposited with the court for return to TH Flour. That request is denied. Restitution or money owed TH Flour cannot be used to pay Silvious's mandatory Special Assessments. Likewise, his request that the Forfeiture Order concerning the property and money seized at the time of his arrest be vacated is also denied. The court concluded at the time of sentencing that the property was properly forfeited and nothing Silvious states in his pro se submission leads the court

4

to conclude that its original finding and holding is in doubt. Accordingly, the requests for relief by Silvious in his pro se capacity are denied.

**SO ORDERED.**

Dated this   9th   day of January, 2006.

s/ William C. Griesbach<br>
William C. Griesbach<br>
United States District Judge