UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                                                   Case No. 05-CR-74

OWEN SILVIOUS,

        Defendant.

**ORDER**

This case is presently before the court on the motion of the government for an order directing the clerk to issue replacement checks for restitution due and owing Toan Hung Flour (TH Flour), the victim of the crimes that are the subject of this action. Although the clerk mailed two separate checks totaling approximately $500,000 to its plant in Vietnam, TH Flour claims that it has not received either check and is in desperate need of the funds to continue its operations. Notwithstanding the government's belief that TH Flour is truthful in its claim that it has not received the payment, I conclude that the checks should not be replaced, at least not yet.

TH Flour's loss arises out of a scheme by which Defendant Owen Silvious fraudulently agreed to ship 6,500 metric tons of wheat to its mill in Binh Duong Province, Vietnam. Ultimately, TH Flour wire transferred approximately $1.17 million to an American-based broker in reliance on Silvious's fraudulent representations and documents confirming the shipment. Most of the money was then transferred to Silvious. Upon discovery of the fraud, the FBI was able to seize $476,095

in cash from Silvious's home. An additional $26,500 was voluntarily turned over to the government by an unwitting participant.

Silvious plead guilty to five counts of mail fraud arising out the transaction and was sentenced to 105 months in prison. He was also ordered to pay restitution of $1.2 million to TH Flour. On January 19, 2006, the clerk mailed a United States Treasury Check representing the $26,500 that was voluntarily surrendered to the government and deposited with the clerk to TH Flour via first class mail. On May 4, 2006, following completion of the forfeiture proceedings, a second United States Treasury Check for the $476,095 seized from Silvious' home was sent certified mail to TH Flour, but inadvertently marked for domestic receipt only. According to the government, TH Flour has advised it that neither check has arrived. In its motion requesting replacement checks, the government notes that TH Flour has been experiencing financial difficulties as a result of the loss of its funds and cannot afford to wait an extended period of time to receive the funds that were recovered.

The clerk has informed the court that because the restitution payments have been made in the form of United States Treasury checks, it is not possible to stop payment on the checks. The clerk advises that even though neither check has been negotiated or cashed as of this date, there is no means by which a stop payment can be made on a United States Treasury check. The clerk's office takes the position that it may not issue replacement checks until such time as either the original checks are returned to the office of the clerk or one year from the date of issuance has elapsed. At that point the checks will no longer be valid. *See* 31 U.S.C. § 3702(c)(1) ("Any claim on account of a Treasury check shall be barred unless it is presented to the agency that authorized the issuance of such check within 1 year after the date of issuance of the check . . . .").

The clerk's position is confirmed by regulations issued by the Judicial Conference of the United States. According to the Guide to Judiciary Policies and Procedures, "Because of government policy issues, as well as logistical considerations, a 'stop payment' in the commercial sense cannot be effected. A Treasury check is not 'stopped' or 'rejected' by the U.S. Treasury." 1 Guide to Judicial Policies and Procedures (Guide), Ch. VII, Part D, § 2.3.13. If both an original and replacement check are cashed, the clerk may be liable for the loss. *Id.* For this reason, the Guide advises:

> Replacement checks may be issued at the disbursing officer's option to vendors with whom you deal on a regular basis, such as General Services Administration (GSA), the telephone company, etc., or to an individual such as an employee from whom you can easily recover a duplicate payment.

1 Guide, Ch. VII, Part D, § 2.3.16.

In light of the above, I conclude that at least at this time, replacement checks should not be issued. TH Flour is not a vendor with whom the clerk deals on a regular basis; nor is it an entity from whom the clerk could easily recover a duplicate payment. While it is clear that the two Treasury checks have not been negotiated, there is no evidence as to what may have happened to them. The clerk's office advises it has been unable to trace the check sent certified mail apparently because the receipt number was not properly entered into the United States Postal Service's computer system, and neither check has been returned. Under these circumstances, the risk of double payment is real.

At the same time, the court is not unsympathetic to the apparent plight of TH Flour. By the government's account it is in desperate need of the proceeds that were recovered. Given the present state of affairs, however, and the absence of any clear evidence that the checks have not been, or

3

will not be, delivered, the court concludes it is premature to issue replacement checks. If the checks are later negotiated as a result of a forged endorsement, TH Flour may be able to recover from the "check forgery insurance fund." *See* 31 U.S.C. § 3343. But if they are not negotiated, the checks remain valid for a year from the date of issuance. Unless they are recovered before that time, the risk of issuing replacement checks is simply too great. The clerk is directed to make a further effort to trace the checks with a goal of recovering them. But absent assurance that they will not be negotiated before their validity expires, the court declines to order issuance of replacement checks. The government's motion is therefore **denied**.

**So Ordered** this   22nd   day of August, 2006.

s/ William C. Griesbach
William C. Griesbach
United States District Judge
